```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

HENRIETTA WARNKE AND                     CIVIL ACTION
DANIEL BRAGG

VERSUS                                   NO. 05-1515

BRICK OVEN PIZZA & PASTA                 SECTION R(1)
CAFÉ, INC., ET AL.
```

## ORDER AND REASONS

Before the Court is a partial motion for summary judgment by defendants Vicky's Enterprises and Essex Insurance. Also before the Court are a partial motion for summary judgment and motion *in limine* by defendants Keith Vincent Enterprises and Argonaut Great Central Insurance. For the following reasons, the Court GRANTS the motion by Vicky's Enterprises, and DENIES the motions by Keith Vincent Enterprises.

### I. BACKGROUND

On January 18, 2005, Jean Warnke attended a business dinner for a trade group of which she is a member at the Brick Oven Pizza and Pasta Café in Kenner, Louisiana. While descending a staircase to the rear dining area, Warnke fell and injured

herself.  She was taken to Kenner Regional Medical Center and treated for an injury to her left ankle.  Upon returning to her home in Houston, Texas, she sought further treatment for her left leg.  She ultimately spent six weeks in a Houston area hospital, although it is in dispute whether this was the result of an actual infection or was merely a precaution.

On April 25, 2005, Warnke sued Brick Oven Pizza and its insurer, Argonaut Great Central Insurance Company, for negligence under La. R.S. § 9:2800.6 and La. Civ. Code art. 2317.  On May 18, 2005, Warnke amended her complaint, substituting defendant Keith Vincent Enterprises, the restaurant owner and tenant of the property, in place of Brick Oven.  On July 20, 2006, Warnke further amended her complaint, naming Vicky's Enterprises and XYZ Insurance Company (later substituted as Essex Insurance Company) as defendants and alleging that, as owner of the premises, Vicky's was, or may have been, liable for Warnke's injuries.  On September 14, 2006, Vicky's and Essex answered and cross-claimed against Keith Vincent Enterprises for breach of a lease provision requiring it to indemnify Vicky's, and against Argonaut for breach of its insurance contract with Keith Vincent Enterprises, under which Vicky's was listed as an additional insured.  On September 20, 2006, Keith Vincent Enterprises and Argonaut cross-claimed against Vicky's and Essex alleging that Vicky's agreed to indemnify Keith Vincent Enterprises as part of the lease between

the parties.

Vicky and Essex now move for partial summary judgment, arguing that Vicky's is entitled to a legal defense from Argonaut as an additional insured under a commercial general liability insurance policy. Keith Vincent Enterprises and Argonaut move for summary judgment, arguing that Keith Vincent Enterprises neither knew nor should have known of any of the defects alleged in the complaint. Keith Vincent Enterprises and Argonaut further move *in limine* to exclude the testimony and report of Warnke's proposed expert, Michael J. Frenzel. The Court addresses each of these motions in turn.

## II.  LEGAL STANDARD – SUMMARY JUDGMENT

Summary judgment is appropriate only when the pleadings and summary judgment evidence establish that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The

moving party has the burden of showing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the record contains insufficient proof concerning an essential element of the nonmoving party's claim.  See *Celotex*, 477 U.S. at 325; see also *Lavespere*, 910 F.2d at 178.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  See *Celotex*, 477 U.S. at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial.  See *id*. at 325; *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1996).

**III. VICKY'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Vicky's and Essex argue that Vicky's is entitled to a legal defense from Argonaut as an additional insured under the policy issued by Argonaut on behalf of Keith Vincent Enterprises. Vicky's is the owner of property in which the restaurant is located.  Keith Vincent Enterprises leased the property from Vicky's on January 1, 2005.  Under the lease agreement between the parties, Keith Vincent Enterprises was obligated to obtain insurance against personal injuries occurring on the premises and

to name Vicky's as an additional insured on that policy. (R. Doc. 55-2, Ex. A, p. 4). Keith Vincent Enterprises obtained the required insurance from Argonaut and named Vicky's as an additional insured. (*See* R. Doc. 39-5).

Vicky's now argues that, as an additional insured, it is entitled to a legal defense from Argonaut for Warnke's claims. The duty to defend is governed by *Young v. Maisano*, 627 So.2d 148 (La. 1993). In that case, the Louisiana Supreme Court outlined the requirements for defense:

> Generally the insurer's obligation to defend suits against its insured is broader than its liability for damage claims. The insurer's duty to defend suits brought against its insured is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage.
>
> Thus, if assuming all the allegations of the petition to be true, there would be both (1) coverage under the policy and (2) liability to the plaintiff, the insurer must defend the insured regardless of the outcome of the suit. Additionally, the allegations of the petition are liberally interpreted in determining whether they set for grounds which bring the claim within the scope of the insurer's duty to defend the suit brought against its insured.

*Id.* at 153. *Yount* stands for the "eight corners" rule, under which the insurer's duty to defend is determined from the allegations in the complaint and the policy, without consideration of extraneous evidence or the potential inapplicability of the insurance policy. *See, e.g., Vaughn v. Franklin*, 785 So.2d 79, 84 (La. App. 1 Cir. 2001); *KLL*

5

*Consultants, Inc. v. Aetna Casualty & Surety Co. of Illinois*, 738 So.2d 691, 695-96 (La. App. 5 Cir. 1999); *Bryant v. Motwani*, 683 So.2d 880, 884 (La. App. 4 Cir. 1996). Thus, it is immaterial whether the insurance company can show that a particular exclusion is applicable; the obligation to defend arises from the complaint and the subsequent determination that an exclusion bars recovery against the insurance company does not relieve the insurance company from its obligation to defend against allegations which, if true, would give rise to coverage. *Yount*, 627 So.2d at 153.

Warnke's second amended complaint includes all of her allegations against Vicky's. (R. Doc. 15). The allegations against Vicky's consist of the following:

- That at all times pertinent hereto, the area involved in the injury to Ms. Warnke had been leased by the defendant Vicky's Enterprises, Inc. to the defendant, Keith Vincent Enterprises, Inc. d/b/a Brick Oven Pizza and Pasta Café, Inc. pursuant to commercial lease agreement dated November 9, 2004.

- At all times pertinent hereto, the premises were owned by the Defendant Vicky's Enterprises, Inc.

- The "garde" of the pertinent area was primarily with Keith Vincent Enterprises, Inc. but may have also been with Vicky's Enterprises, Inc.

- That defendant, Vicky's Enterprises, Inc., as the owner of the property in question as with the operator of the premises knew or should have known of the dangerous conditions created by the steps leading into the back dining area.

- Additionally, Vicky's Enterprises is liable as owner and lessor of the premises for plaintiff's injuries.

*Id.* (internal formatting altered).  In essence, the plaintiff alleges that Vicky's is liable because it had custody, or *garde*, of the premises at some pertinent time, and that it knew or should have known of the dangerous condition of the steps.  If, accepting these allegations as true, there would be both coverage under the policy and liability to the plaintiff, then Argonaut has a duty to defend Vicky's irrespective of the validity of the claims.  *Yount*, 627 So.2d at 153.

Keith Vincent Enterprises and Argonaut do not argue that the policy did not cover personal injuries suffered on the premises of the property in question.  The endorsement addressing the additional insured status of Vicky's provided that Vicky's was an insured "but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to [Keith Vincent Enterprises] and shown in the Schedule."  (R. Doc. 39-5, p. 8).  The policy did not cover "[s]tructural alterations, new construction or demolition operations performed by or on behalf of the person or organization shown in the Schedule."  *Id.*

It is clear from consideration of the policy language and the complaint that the allegations, if true, would give rise to liability and coverage.  As to liability, the allegation that the property in question was in the custody of Vicky's and that Vicky's knew or should have known of the defects existing at the

7

time of the incident that caused the plaintiff's injury would give rise to liability under La. Civ. Code art. 2317 and 2317.1. Article 2317.1 of the Louisiana Civil Code provides as follows:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

*Id.* The original complaint contains the allegation "that the design, maintenance, and/or location of the stairs/steps inside the restaurant created an unreasonably dangerous condition and/or risk of harm." (R. Doc. 1, ¶ 5). As owner and, alternatively, as alleged custodian, who allegedly knew or should have known of the dangerous condition of the steps, Vicky's would be liable for the unreasonably dangerous condition of the staircase. As to policy coverage, the policy covers liability arising out of ownership of the property. Argonaut relies on the policy exclusion addressing structural alterations to argue that coverage is barred because the stairs upon which Warnke fell were negligently constructed by Vicky's. Even if Argonaut's construction of this exclusion as applying to structural work that predated the lease is correct, which the Court doubts, this would still not absolve Argonaut of its duty to defend. In order for the policy exclusion to excuse Argonaut from its obligation to defend, the complaint must unambiguously exclude coverage.

*Yount*, 627 So.2d at 153.  The complaint does not allege that Vicky's engaged in structural alterations or new construction that led to the defect in question.  The complaint merely alleges that Vicky's is liable as owner or custodian of the property because Vicky's knew or should have known of a defect in the property.  While the complaint alleges facts that would trigger coverage, it alleges no facts that would trigger the exclusion.

Argonuat and Keith Vincent Enterprises further argue that the indemnification agreement between Keith Vincent Enterprises and Vicky's is void as against public policy.  Even if it were, Argonaut and Keith Vincent Enterprises cite no authority for the proposition that this would also invalidate the insurer's obligations to Vicky's as an additional insured under the policy.

For all of the foregoing reasons, the Court finds that there is no genuine issue of material fact as to whether Argonaut owe's Vicky's a duty of defense.  Accordingly, the Court grants partial summary judgment in favor Vicky's on this issue.

**IV.   KEITH VINCENT ENTERPRISES' MOTION FOR SUMMARY JUDGMENT**

Keith Vincent Enterprises and Argonaut move for partial summary judgment, arguing that there is no genuine issue of fact as to whether Keith Vincent Enterprises had knowledge or should have known of any of the alleged defects in the stairway at issue.  Movants argue that Keith Vincent Enterprises cannot be

liable to Warnke unless Warnke can demonstrate that Keith Vincent Enterprises knew or should have known of the defects.

The statutory bases for the claims against Keith Vincent Enterprises in this case are La. Civ. Code arts. 2317 & 2317.1. In order to maintain an action for violation of Article 2317, the plaintiff must show the following:

> (1) The thing in question was in the custody of the defendant;
>
> (2) The thing in question was defective, i.e., that it posed an unreasonable risk of harm;
>
> (3) The defendant knew or, in the exercise of reasonable care, should have known of this defect;
>
> (4) The damage could have been prevented by the exercise of reasonable care, and the defendant failed to exercise such reasonable care; and
>
> (5) [the plaintiff] was damaged as a result of this defect.

La. Civ. Code art. 2317.1.

The Louisiana Supreme Court has held that "whether a defect presents an unreasonable risk of harm is a disputed issue of mixed fact and law or policy that is peculiarly a question for the jury or trier of the facts." *Reed v. Wal-Mart Stores, Inc.*, 708 So.2d 362, 364 (La. 1998) (citations and internal quotation marks omitted). The doctrine "is not a simple rule of law which can be applied mechanically to the facts of the case." *Id.* (citation omitted). Thus, the "fact finder, viewing live testimony and evidence, is best positioned to make a

determination so heavily laden with factual issues." *Id.*

Movants contend that Keith Vincent Enterprises did not know and could not have known, in the exercise of reasonable care, of any of the alleged defects in the staircase. According to Keith Vincent Enterprises, Warnke has alleged that the stairs were unreasonably dangerous for the following reasons:

(1) The lighting in the area was dim.

(2) The carpeting on the floor disguised the nosing of the steps and makes it hard to descend.

(3) The hand rails are out of code and do not follow the original plans drawn by architect Ross Becker.

(4) The depth of the treads are shorter than the minimum depth required of the requisite building code.

(5) There should have been a center hand rail.

(6) There are actually 2 steps when one enters the raised dining area from the front of the restaurant, but 3 steps when one descends from the raised dining area into the rear dining room.

(7) An earlier accident on February 14, 2004, where Mary Chawla fell on the same set of stairs should have given notice to Vicky's, which owned the restaurant and the building at the time, of the defects in the steps.

(R. Doc. 66-3, pp. 4-5).  Keith Vincent Enterprises has offered the affidavit of Keith Chifici, owner of Keith Vincent Enterprises, in which Chifici states that he was unaware of any unreasonably dangerous conditions on the premises and had never been informed of any previous accidents on the staircase.  (R. Doc. 66-6, Ex. D, ¶¶ 2-3).  Further, Keith Vincent Enterprises offers evidence that Vicky's was responsible for constructing the stairs in an unsafe configuration.  Movants also rely on their expert report and approvals of the stairway configuration by the Kenner Department of Permits.  Based on this evidence, movants argue that Warnke cannot demonstrate that Keith Vincent Enterprises knew or should have known of the allegedly defective condition of the stairs.

The Court finds that plaintiff has pointed to sufficient evidence to create a genuine issue of material fact on the notice issue.  The question of whether an alleged defect poses an unreasonable risk of harm is a question that is peculiarly for the trier of fact.  *Reed*, 708 So.2d at 364.  A member of Warnke's party testified that the stairway area was "a real dark area, and it was really hard to see the stairwell."  (R. Doc. 67-2, Ex. B, Dep. p. 11).  This alone creates a question as to whether the restaurant's owner should have noticed that the stairway was a potential hazard.  This is especially true because Keith Vincent Enterprises admittedly controlled the lighting in the room.  (R.

Doc. 66-6, Ex. D, ¶¶ 8-9).  Further, Keith Vincent Enterprises' own expert found that the stairs did not conform to the building code for new construction.  (R. Doc. 66-9, p. 8).  In particular, the tread depth was too narrow.  *Id.*  Additionally, at least one member of Warnke's party testified that he suggested to a restaurant employee that the stairway would be safer if a center handrail were installed.  (R. Doc. 66-8, Ex. I, Dep. p. 17).  If the allegedly unsafe condition was immediately evident to a visitor, the Court cannot conclude that the owner and his employees had no opportunity to know.  In addition, there was at least one previous incident on the stairs, while the restaurant was owned by Vicky's.  (R. Doc. 67-2, Ex. A).  A member of Warnke's party testified that, after Warnke fell, a restaurant employee assisted her and mentioned that previous incidents had occurred and "that they needed to put handrails up."  *Id.* at Dep. p. 12.  Although the defendants argue that this evidence is inadmissible hearsay, the evidence is admissible on at least two grounds.  First, it is offered not to prove the fact that there were previous incidents, but to show that the restaurant and its employees were on notice that a dangerous situation may have existed on the stairs.  Second, the testimony offered is a statement by an employee of Keith Chifici Enterprises concerning a matter within the scope of the employment and during the existence of the employment.  Fed. R. Evid. 801(d)(2)(D).  The

13

employee was assisting an injured diner, which is within the scope of her employment duties as a restaurant employee. She commented concerning a matter that was similarly within the scope of her employment duties, namely, her knowledge that a number of incidents had previously occurred on the stairwell. Finally, the plaintiff's expert found that the narrow tread, the lack of contrast between treads, the handrail configuration, the lack of a center handrail, and the two-steps-up, three-steps-down arrangement contributed to Warnke's incident. (R. Doc. 65-5, p. 13). Taken together, this evidence, in a light most favorable to the non-moving party, creates an issue of material fact as to whether Keith Vincent Enterprises knew or should have known of the allegedly defective stairs. Accordingly, the Court finds that Keith Vincent Enterprises is not entitled to partial summary judgment.

### V.    KEITH VINCENT ENTERPRISES' MOTION *IN LIMINE*

Keith Vincent Enterprises and Argonaut now move to exclude the testimony and expert report of Michael J. Frenzel. Movants argue that Frenzel's opinions are not sufficiently supported by the facts upon which he purports to rely and that Frenzel seeks to testify and report on subjects for which he has no training or competence. They further argue that expert opinion would not assist the trier of fact.

Federal Rule of Evidence 702 gives the district court considerable discretion to admit or exclude expert testimony. *See General Electric Co. v. Joiner*, 522 U.S. 136, 138-39 (1997). Rule 702 provides that an expert witness "qualified . . . by knowledge, skill, experience, training or education," may testify when scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue. Fed. R. Evid. 702. For the testimony to be admissible, Rule 702 requires that (1) the testimony be based on sufficient facts or data, (2) the testimony be the product of reliable principles and methods, and (3) the witness apply the principles and methods reliably to the facts of the case. Fed. R. Evid. 702.

On the issue of whether Frenzel is qualified to opine on the subject at issue, the Court finds that Frenzel has significant expertise in the area of safety instruction and incident investigation. (R. Doc. 65-5, pp. 15-25). He has a B.S. in Physical Sciences from Louisiana State University and a M.A. in Human Resources Management from Pepperdine University. His education includes a number of engineering classes. He has also completed formal safety training at the University of Southern California. Frenzel has worked as a safety consultant for 22 years, developing corporate safety manuals, performing job safety analyses and safety audits, implementing new safety programs,

organizing and conducting seminars, investigating accidents to determine root cause, and conducting workplace safety inspections.  He has been a safety instructor for Louisiana State University, the Safety Council for the Louisiana Capital Area, the American Society of Safety Engineers, Associated Builders and Contractors, and the National Center for Construction Education and Research.  He has attended, often as an instructor, numerous safety management seminars and presentations, including in the field of slip, trip, and fall prevention.  *Id.* at 18-22.  Further, he has testified as an expert in numerous trials since 2002.  He is therefore qualified as an expert in the field of incident investigation and prevention.

   The Court next addresses Keith Vincent Enterprises' contention that Frenzel's testimony will not assist the trier of fact.  It is true that ascending and descending stairs is an activity that is well within the competency of the average juror.  Nevertheless, a review of similar cases leads the Court to conclude that the subject matter involved here, i.e., the safe design and construction of stairs, involves scientific or technical issues on which expert testimony would assist the trier of fact.  *See Phillips v. Water Bay Management Corp.*, 2002 WL 31415693 (D. Virgin Islands 2002); *Smith v. Basin Park Hotel, Inc.*, 350 F.3d 810, 814 (8th Cir. 2003).  These cases demonstrate that there is expertise required to design and construct stairs

to minimize the risk of harm.  Further, they show that there are methods of design and construction that would not be obviously objectionable or even noticeable to the layperson that would create a heightened risk of an accident.  *Phillips*, 2002 WL 31415693 at *3; *Smith*, 350 F.3d at 814.  A central question in this case is the extent to which the stairs posed an unreasonable risk of harm.  The proffered testimony of Frenzel would assist the trier of fact to understand the technical aspects of this issue.

     The Court next addresses Keith Vincent Enterprises' contention that Frenzel's report was not based on an appropriate review of the facts.  Frenzel's report demonstrates that, in reaching his conclusions, he inspected the premises in question, personally.  He reviewed the record evidence that was available at the time he completed his report.  (R. Doc. 65-5, pp. 2-3). He also reviewed safety literature including the *Life Safety Code Handbook*, the National Bureau of Standards' *Guidelines for Stair Safety*, the book *The Staircase: Studies of Hazards, Falls and Safer Design*, and the National Restaurant Association's *Safety Operations Manual.*  (R. Doc. 65-5, pp. 2, 4-11).  The Court does not find that Frenzel's factual investigation was inadequate or that he ignored the relevant facts.  Keith Vincent Enterprises argues that Frenzel did not have access to the deposition of Walter Abadie.  That deposition was taken on January 8, 2007;

17

Frenzel's report was prepared on December 5, 2006.  Defendants can explore the impact of Abadie's testimony on cross-examination.  Further, Frenzel's testimony is not objectionable merely because it addresses an ultimate issue to be decided by the jury.  Fed. R. Evid. 704(a).  The Court thus finds that Frenzel's are admissible as expert opinions under Rule 702.

**VI. CONCLUSION**

For the foregoing reasons, the Court GRANTS the motion by Vicky's Enterprises, and DENIES the two motions by Keith Vincent Enterprises.

New Orleans, Louisiana, this <u>12th</u> day of March, 2007.

*Sarah Vance*
_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE